IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION and PARKER INTANGIBLES LLC, | ) CASE NO. ) |
| Plaintiffs, | ) JUDGE ) ) |
| v. | ) **COMPLAINT** ) ) **(JURY DEMAND ENDORSED HEREON)** |
| BALDWIN FILTERS, INC. and CLARCOR INC., | ) ) ) |
| Defendants. | ) ) |

## THE PARTIES

1. Plaintiff Parker-Hannifin Corporation ("Parker") is an Ohio Corporation having its headquarters at 6035 Parkland Blvd., Cleveland, Ohio 44124-4141 and having its Racor Division at 3400 Finch Road, Modesto, California 95353.

2. Plaintiff Parker Intangibles, LLC ("PI") is a Delaware limited liability company having its principal place of business at 6035 Parkland Blvd., Cleveland, Ohio 44124-4141.

3. On information and belief, Defendant Clarcor Inc. ("Clarcor") is a Delaware corporation having its registered agent's address at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

4. On information and belief, Defendant Baldwin Filters, Inc. ("Baldwin") is a Delaware corporation having its registered agent's address at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801, and is a division of Clarcor having its

headquarters at 4400 East Highway 30, Kearney, Nebraska, 68847, and sells various products in Ohio through retailers, distributors and resellers, including the products at issue in this action.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8. On September 28, 2004, U.S. Patent No. 6,797,168 ("the '168 patent"), entitled "Keyed Latch Valve for Fuel Filter," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '168 patent is attached as Exhibit A.

9. On July 4, 2006, U.S. Patent No. 7,070,692 ("the '692 patent"), entitled "Fuel Filter With Keys," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '692 patent is attached as Exhibit B.

10. On January 16, 2007, U.S. Patent No. 7,163,623 ("the '623 patent"), entitled "Fuel Filter with Keys," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '623 patent is attached as Exhibit C.

11. On April 15, 2008, U.S. Patent No. 7,357,867 ("the '867 patent"), entitled "Filter Element for Keyed Latch Valve," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '867 patent is attached as Exhibit D.

12. The '168, '692, '623, and '867 patents are owned by PI. Parker is the exclusive licensee of the '168, '692, '623, and '867 patents, with the right to sue for past, present and future infringement and the right to seek injunctive relief and monetary damages.

13. Baldwin has manufactured and sold, or is presently manufacturing and selling, filters and filter elements ("the accused filters") including filter elements designated as Model Number PF7852. Upon information and belief, the accused filters are sold to retailers, distributors and resellers who resell the product throughout the United States, including in the State of Ohio.

## COUNT ONE

14. Parker and PI (hereinafter "Plaintiffs") incorporate the allegations set forth in Paragraphs 1-13 above as if each were separately set forth at length herein.

15. The accused filters infringe one or more claims of the '168 patent.

16. Baldwin is infringing and inducing others to infringe the '168 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

17. Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Baldwin's infringement.

## COUNT TWO

18. Plaintiffs incorporate the allegations set forth in Paragraphs 1-17 above as if each were separately set forth at length herein.

19. The accused filters infringe one or more claims of the '692 patent.

20. Baldwin is infringing and inducing others to infringe the '692 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

21. Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Baldwin's infringement.

## COUNT THREE

22. Plaintiffs incorporate the allegations set forth in Paragraphs 1-21 above as if each were separately set forth at length herein.

23. The accused filters infringe one or more claims of the '623 patent.

24. Baldwin is infringing and inducing others to infringe the '623 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

25. Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Baldwin's infringement.

## COUNT FOUR

26. Plaintiffs incorporate the allegations set forth in Paragraphs 1-25 above as if each were separately set forth at length herein.

27. The accused filters infringe one or more claims of the '867 patent.

28. Baldwin is infringing and inducing others to infringe the '867 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

29. Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Baldwin's infringement.

WHEREFORE, Plaintiffs request that a judgment be entered against Baldwin:

a. Preliminarily and permanently enjoining Baldwin, its officers, employees, subsidiaries, agents, attorneys and all persons in active concert with them, from any further infringement of the '168, '692, '623, and '867 patents;

b. Awarding damages, costs and interest to Plaintiffs under 35 U.S.C. §§ 284 and 154(d);

c. Awarding up to treble damages upon a finding that Baldwin's infringement has been willful and wanton under 35 U.S.C. § 284;

d. Declaring this case exceptional and awarding Plaintiffs their reasonable attorney's fees, pursuant to 35 U.S.C. § 285; and

e. Awarding Plaintiffs such other and further relief as this Court deems just and proper.

Respectfully submitted,

OF COUNSEL:

CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Post Office Box 2207
Wilmington, DE  19899-2207
Telephone:   302-658-9141
Telefax:     302-658-5614

s/Harry D. Cornett, Jr.
Harry D. Cornett, Jr. (0013179)
Benjamin C. Sassé (0072856)
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH  44115-1414
Telephone:   216.592.5000
Telefax:     216.592.5009
E-mail:      harry.cornett@tuckerellis.com
             benjamin.sasse@tuckerellis.com

*Attorneys for Plaintiffs*

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Parker-Hannifin Corporation and Parker Intangibles LLC respectfully request a trial by jury with the maximum number of jurors provided by law with respect to all issues triable by a jury.

| | |
|---|---|
| OF COUNSEL: | s/Harry D. Cornett, Jr. |
| | Harry D. Cornett, Jr. (0013179) |
| CONNOLLY BOVE LODGE & HUTZ LLP | Benjamin C. Sassé (0072856) |
| The Nemours Building | TUCKER ELLIS & WEST LLP |
| 1007 North Orange Street | 1150 Huntington Building |
| Post Office Box 2207 | 925 Euclid Avenue |
| Wilmington, DE  19899-2207 | Cleveland, OH  44115-1414 |
| Telephone:   302-658-9141 | Telephone:     216.592.5000 |
| Telefax:        302-658-5614 | Telefax:          216.592.5009 |
| | E-mail:           harry.cornett@tuckerellis.com |
| | benjamin.sasse@tuckerellis.com |

*Attorneys for Plaintiffs*

097000.000002.1007628.1